UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

In re

                                          Chapter 11

DEBRA JEAN SILVA,                 Case No. 09-19222-WCH

                Debtor

_____

### UNITED STATES TRUSTEE'S EMERGENCY
### MOTION TO DISMISS CASE FOR FAILURE TO PROVIDE EVIDENCE OF
### ADEQUATE INSURANCE COVERING PROPERTY OF THE ESTATE

The United States Trustee moves the Court to dismiss the chapter 11 case of Debra Jean Silva ("Debtor") due to the Debtor's failure to provide evidence of insurance covering real property that the Debtor owns and leases to a third party as a restaurant. The United States Trustee seeks emergency determination of this motion because of the potential for immediate and incalculable administrative claims against the Debtor's estate due to lack of appropriate insurance.

In support, the United States Trustee states:

### JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this court under 28 U.S.C. § 1408 and 1409. The statutory predicates for relief are 28 U.S.C. §§ 586(a) (3) and (7), 11 U.S.C. §§ 307 and 1112(b) and Fed. R. Bankr. P. 1017.

### FACTS

2. On September 29, 2009, the Debtor filed a voluntary chapter 11 petition.

3. On information and belief, the Debtor owns certain real property located at 85-



8/5/2010 Moot.

85 Shank Painter Road, Provincetown, Massachusetts ("Provincetown Property"). Also on information and belief, the Debtor leases the Provincetown Property to an unrelated third party entity which operates a restaurant on the premises.

4.   On October 30, 2009, the Debtor filed with this Court a document which purports to evidence insurance on the Provincetown Property.  See Docket No. 27. However, the document filed is an "Insurance Quotation" and appears to list an entity called "Townsend Lobster and Seafood" as the insured.

5.  On  November 2, 2009, the Debtor submitted a document to the Office of the United States Trustee which purports to list the Debtor as an "additional insured" on an insurance policy held by Townsend Lobster and Seafood.   No other documents were submitted.

6.    The document submitted to the Office of the United States Trustee is insufficient to evidence any appropriate insurance held by the Debtor.  Moreover, an insurance policy held by a lessee of the Debtor is insufficient to establish insurance held by the Debtor on the Provincetown Property as the insurable interests held by the lessee are likely different than the insurable interests held by the Debtor.

**ARGUMENT**

7.  The Debtor's failure to submit insurance binders for all assets of the estate constitutes "cause" under 11 U.S.C. §§ 1112(b) (4)(B), (C), (F) and (H) to dismiss the chapter 11 case.

8. Any substantial or continuing losses to or diminution of the estate and absence of reasonable likelihood of rehabilitation constitutes "cause" under 11 U.S.C. § 1112(b)(4)(A) to dismiss the chapter 11 case.

9.  The interests of creditors and the estate would best be served by the dismissal

of the Debtor's chapter 11 case per 11 U.S.C. § 1112(b). *See United Savings Association*

*of Texas v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest*

*Associates, Ltd.)*, 808 F.2d 363, 371 (5th Cir. 1987), *aff'd* 484 U.S. 365 (1988).

## PRAYER

WHEREFORE, the United States Trustee respectfully requests that the Court

enter an order dismissing the Debtor's chapter 11 case and granting her such other and

further relief to which she may be entitled.

> Respectfully submitted,
>
> PHOEBE MORSE
>
> United States Trustee
>
> By:    */s/ Jennifer L. Hertz*
> Jennifer L. Hertz  BBO#645081
> United States Department of Justice
> John W. McCormack Courthouse and Post
> Office
> 5 Post Office Square, Suite 1000
> Boston, MA 02109
> PHONE:       (617) 788-0412
> FACSIMILE:  (617) 565-6368
> Jennifer.L.Hertz@usdoj.gov

Dated: November 2, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 2, 2009, true and correct copies of the foregoing Motion were served via the U.S. Bankruptcy Court's CM/ECF filing system or by United States mail, First Class postage pre-paid to those persons not appearing on the Court's receipt of electronic filing.

Peter M. Daigle
The Law Office of Peter M. Daigle, P. C.
1550 Falmouth Road
Suite 10
Centerville, MA 02632
(Debtor's Counsel)

Paul J. Mulligan, Esq.
Orlans Moran PLLC
P.O. Box 962169
Boston, MA 02196
(Counsel to Sovereign Bank)

Victor Bass
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(Counsel to Mac's Seafood)

By:     */s/ Jennifer L. Hertz*
Jennifer L. Hertz  BBO#645081
United States Department of Justice
John W. McCormack Courthouse and Post
Office
5 Post Office Square, Suite 1000
Boston, MA 02109
PHONE:      (617) 788-0412
FACSIMILE:  (617) 565-6368
Jennifer.L.Hertz@usdoj.gov