UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 09-19222
Chapter 7

In Re:                          ]
                                ]
DEBRA A. SILVA, Debtor          ]

## MOTION FOR RELIEF FROM AUTOMATIC STAY BY JOHN F. NOONS, INC., TO PROCEED WITH STATE COURT LITIGATION

### Preliminary Statement

John F. Noons, Inc., hereby moves, pursuant to § 362 (d) (1) United States Bankruptcy Court, 11 USC §§ 101 et seq. ("Bankruptcy Code") and Rule 4001(a)(1) and 9014 the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), for an order (i) granting it relief from the automatic stay that all proceeding related to Civil Action No.BACV2008-00303 pending in the Barnstable County Superior Court (the "State Court Action") may proceed against Clement J. Silva, Debra Silva, 85-87 Shank Painter Road, LLC and Clem & Joe Inc.; and (ii) scheduling a hearing as necessary to consider the relief sought herein. Clement J. Silva and Debra Silva, under information and belief are brother and sister and the remaining co-defendants are legal entities duly established in Massachusetts and are co-defendants in the State Court Action which was commenced against them by the movant, John F. Noons, Inc.

The debtor, Debra Silva, filed a Suggestion of Bankruptcy with the Superior Court, which in turn, issued an order staying the State Court actions as to all *Parties* until further notice from this Court.

The Defendants, Clement J. Silva, 85-87 Shank Painter Road, LLC, and Clem & Joe Inc., are not debtors before this Court, and as such, the automatic stay does not apply to them. Nevertheless, the Superior Court caused to stay the entire State Court Action and the Plaintiff has

09/10/2010 Granted.

been prohibited from proceeding with the case against the remaining Defendants who are not the debtor in this action.

## Jurisdiction and Venue

This Court has jurisdiction to entertain this motion pursuant to 28 USC § 157 and 1334. Venue is proper in this district pursuant to 28 USC §1408, 1409. The predicates for the relief sought herein are set forth in the introductory paragraph.

## Argument and Relief Requested

The State Court Action was commenced by John F. Noons, Inc. against Debra Silva, Clement J. Silva, 85-87 Shank Painter Road, LLC and Clem & Joe, Inc. on the grounds that the Defendants breached a contract with the Plaintiff relative to the installation of a septic/Title V system and currently owe the Plaintiff $51,600.00.

The Plaintiff was in the process of filing a Motion for Summary Judgment when the Superior Court, on November 2, 2009, issued a Notice Staying all Proceedings as to all Defendants.

Clement J. Silva, 85-87 Shank Painter Road, LLC and Clem & Joe, Inc., are not debtors before this Court and the State Court Action as it pertains to them is not subject to the automatic stay. Notwithstanding this, even if the State Court Action is subject to the automatic stay, cause exists to grant John F. Noons, Inc., relief to allow the State Court Action to proceed solely against all other Defendants.

Bankruptcy Courts may grant relief from an automatic stay for cause by terminating, knowing, modifying or conditioning such stay. See 11 USC, §362 (d) (1). The Bankruptcy Code "does not define 'cause'; but, generally speaking, 'cause' is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or debtors estate if the stay is lifted. Determining whether 'cause' exists requires a fact intensive

inquiry that must be made on a case by case basis". Peerless Ins. Co. v. Riveria, 208 B.R. 313, 315 (D.R.I. 1997) (citing In re: Tucson Estates Inc., 912F 2d, 1162, 1166 (9th Cir. 1990)).

In determining whether a stay should be lifted or continued, Court's within the first circuit have utilized a doctrine summarized In re: Curtis, 40B.R. 795, 799-800 (BANKR. D. Utah (1984) (the "Curtis Factors").

The Curtis Factors pertinent to this motion include (i) whether the relief will result in a partial or complete resolution of the issues; (ii) the lack of any connection with or interference with the bankruptcy case; (iii) whether the foreign proceedings have progressed to the point where the Parties are prepared for trial; and (iv) the impact the stay has on the Parties and "balance of hurt". Id.

In applying the above Curtis factors to the facts of this case, it is clear that cause exists to grant the Petitioner relief from the automatic stay pursuant to §362 (d) (1).

The State Court Action can provide a full and complete resolution of the Petitioner's claims against all Defendants, aside from the debtor, and the Superior Court is the appropriate forum to do so. Prior to the bankruptcy filing, a hearing on Summary Judgment was scheduled before the commencement of the automatic stay triggered by the debtor's bankruptcy filing. Allowing the State Court Action to proceed so that the Superior Court may consider the substantive issues expected to be raised by the Petitioner's Summary Judgment Motion may result in a complete resolution of the case with respect to all non-debtor Defendants. Further, on May 7, 2010, the Bankruptcy Court granted relief from the automatic stay to a 3rd party creditor against 85-87 Shank Painter Road, LLC.

As previously mentioned, a Summary Judgment hearing was scheduled to be heard on November 3, 2009, when the debtor filed bankruptcy and the Superior Court issued a stay on

November 2, 2009. The State Court Action has been moving forward expediently and the case has reached the dispositive stage. Thus, the Court should grant the Petitioner's relief from the automatic stay "for cause" in order to properly prosecute its claim and interest in the State Court Action.

In evaluating the balance of harms to the Parties, it is evident that without relief from the automatic stay, the Petitioner will endure significant harm because it will be unable to exercise its rights against collecting a debt against the remaining non-debtor Defendants. Conversely, the non-debtor Defendants are benefitting from the stay as there is no incentive to proceed with their defense in the State Court Action. The non-debtor Defendants are able to delay having to address a financial obligation to the Petitioner by the mere fact that the debtor has filed the within action.

The debtor will experience no harm if the State Court Action is allowed to proceed against the remaining non-debtor Defendants. Due to the cost and inconvenience to the Petitioner in further delaying the State Court Action, the Petitioner respectfully requests that the Court rule that any relief granted under this motion be effective immediately upon entry of the Court's Order, and not be subject to the ten (10) day stay provided for in Rule 4001(a)(3).

WHEREFORE, John F. Noons, Inc. respectfully requests that the Court grant relief from the automatic stay against all non-debtor Defendants, specifically Clement J. Silva, 85-87 Shank Painter Road, LLC and Clem & Joe, Inc.

Respectfully submitted,
JOHN F. NOONS, INC.
By its attorneys,

Jeremy M. Carter, Esq. (BBO#542118)
Wilkins and DeYoung
270 Winter Street
Hyannis, MA 02601
(508) 771-4210

Dated: August 24, 2010